**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN W. QUICK, #1243617,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-1153-M** |
| | ) | |
| **DON ANDERSON, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, the subject cause has been referred to the United States Magistrate

Judge.  The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by

his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights complaint brought by a state inmate pursuant to 42

U.S.C. § 1983.

Parties:  Plaintiff is presently confined at the Stiles Unit of the Texas Department of

Criminal Justice – Correctional Institutions Division in Beaumont, Texas.  Defendants are Don

Anderson, Hunt County Sheriff, and Curtis Neel, Sgt. Supervisor for the Hunt County Sheriff

Department.  The court has not issued process in this case.[1]

Findings and Conclusions:  The complaint in this action constitutes repetitive litigation.

---

[1]      On June 1 and 3, 2005, Plaintiff filed five complaints on the civil rights complaint
form, including the one in this case.  None of the complaints are accompanied by the filing fee or
a motion to proceed *in forma pauperis* (IFP).  In light of the duplicate nature of this case, as set
out more fully below, the magistrate judge will not issue a notice of deficiency and order
requiring Plaintiff to submit a motion for leave to proceed IFP.

It is identical to the first claim alleged in the complaint filed in <u>Steven v. Anderson, et al.</u>,

3:05cv1128-M (N.D. Tex. filed on Jun 1, 2005) (presently referred to Magistrate Judge Paul D.

Stickney).  Plaintiff should seek leave to amend the complaint in No. 3:05cv1128-M to name

Sgt. Curtis Neel as an additional defendant, instead of filing an identical complaint against

Sheriff Anderson and the new defendant.

The Court may properly dismiss an action when it "duplicates allegations of another

pending federal lawsuit by the same [person]."  <u>See</u> <u>Pittman v. Moore</u>, 980 F.2d 994, 994-95 (5th

Cir. 1993).  "Ordinarily," the Court dismisses "the later-filed action . . . in favor of the case that

was filed earlier."  <u>Id.</u> at 995.

<u>RECOMMENDATION</u>:

For the foregoing reasons, it is recommended that the complaint be dismissed without

prejudice to Plaintiff pursuing the earlier-filed suit, No. 3:05cv1128-M, and seeking leave to

amend therein to name the new defendant sued in the instant action.

A copy of this recommendation will be mailed to Plaintiff Steven Quick, #1243617,

TDCJ, Stiles Unit, 3060 FM 3514, Beaumont, Texas 77705.

Signed this 8th day of June, 2005.

*Wm. F. Sanderson, Jr.*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir.
1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and

2

conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.